IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| BYRON WHITE, | § | |
| | § | |
| Defendant Below, | § | No. 328, 2021 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Civ. Action No. N21M-09-107 |
| | § | Cr. ID No. 1802004471 (K) |
| Appellee. | § | |

Submitted: April 21, 2022
Decided: June 9, 2022

Before **SEITZ**, Chief Justice; **VALIHURA** and **MONTGOMERY-REEVES**, Justices.

## ORDER

(1) The appellant, Byron White, filed this appeal from a Superior Court letter, dated September 14, 2021, that "so noted" a letter from White seeking to file a petition for a writ of habeas corpus. The State has moved to affirm the judgment below on the ground that it is manifest on the face of White's opening brief that his appeal is without merit. We agree and affirm.

(2) On July 26, 2018, White pleaded guilty to two counts of third-degree rape, in exchange for dismissal of twelve additional felony sex-offense charges. On September 24, 2018, the Superior Court sentenced White to a total of fifty years of incarceration, suspended after four years for three years of Level III probation. On

May 18, 2021, the Superior Court modified the probationary portion of the sentence to include GPS monitoring.

(3)     On May 21, 2021, White filed a letter in the Superior Court indicating his desire to file "a habeas corpus" and "numerous other motions," apparently to challenge the addition of the requirement for GPS monitoring during his probationary period. White was released from Level V custody to probation a few days later, on May 26, 2021. In a letter dated September 14, 2021, the Superior Court "so noted" White's letter; concluded that "[s]ince you were released from DOC Level V on May 26, 2021, any Habeas Corpus motion would be considered moot;" and indicated that the court would take no further action on White's letter. White has appealed to this Court.

(4)     The Superior Court did not err by concluding in September 2021 that White's request for habeas corpus relief was moot. When a person has been released from prison to probation, "he is not a person 'imprisoned or restrained of liberty' within the meaning of the statute governing habeas corpus and his request for habeas corpus relief is moot."[1]

(5)     To the extent that White also seeks to appeal from the Superior Court's May 18, 2021, modification of his sentence to include GPS monitoring, White did not timely appeal from that order. Under Supreme Court Rules 6 and 11, a timely

---

[1] *Taylor v. State*, 2002 WL 31477136 (Del. Nov. 4, 2002) (quoting 10 *Del. C.* § 6902).

notice of appeal should have been filed on or before June 17, 2021. A notice of appeal must be timely filed to invoke the Court's appellate jurisdiction.[2] Unless an appellant can demonstrate that the failure to file a timely notice of appeal is attributable to court-related personnel, an untimely appeal cannot be considered.[3] White's failure to file a timely appeal from the May 18, 2021, order is not attributable to court-related personnel.

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Chief Justice

---

[2] *Carr v. State*, 554 A.2d 778, 779 (Del. 1989).
[3] *Bey v. State*, 402 A.2d 362, 363 (Del. 1979).